IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HERNANDEZ AUTO PAINTING AND )
BODY WORKS, INC., )
Individually and on Behalf )
of Others Similarly )
Situated, )
)
Plaintiff, )
)
v. ) CASE NO. CV408-256
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
Defendant. )
)

## O R D E R

Before the Court is State Farm's Motion to Dismiss the Amended Class Action Complaint. (Doc. 16.) Plaintiff has responded in opposition. (Doc. 18.) For the reasons that follow, the Motion is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.[1] The **Clerk of Court** is **DIRECTED** to **close this case**.[2]

### BACKGROUND

This case arises out of the alleged "steering" of potential customers by State Farm Insurance Company away

---

[1] The Amended Complaint is put together where it appears that Plaintiff has not alleged his best case. Where a Plaintiff fails to state a claim, but has not put his best case forward, the case should be dismissed without prejudice. Lerma v. Falks, 2009 WL 2245139, *2 (5th Cir. July 28, 2009).

[2] Therefore, any pending motions in this case are **DISMISSED AS MOOT**.

from the Plaintiff's repair shop and other similarly situated repair shops. (Doc. 10.) Specifically, Plaintiff's Amended Complaint alleges that Defendant "continuously and systematically [] steered potential customers from Plaintiff and those similarly situated, to repair shops farmed by the defendant with rates and labor charges dramatically below reasonable market value." (Id. ¶ 21.) Plaintiff further alleges that "Defendant has made misrepresentations as to Plaintiff's services and hourly charges," thereby "causing Plaintiff to suffer monetary damage." (Id. ¶¶ 22, 23.) However, the facts of this case cannot be stated with any more particularity because of the vagueness of the Amended Complaint.[3] (See id.)

This case was first filed on November 25, 2008 in the Superior Court of Liberty County. (Doc. 1 at 2.) The case was removed to this Court on December 18, 2008. (Doc. 1.) Several days later, Defendant filed a Motion to Dismiss. (Doc. 8.) Plaintiff responded by filing an Amended Complaint. (Doc. 10.) Defendant then filed a Motion to Dismiss the Amended Complaint, alleging that Plaintiff had still failed to plead even minimal facts supporting their claims and that several of the claims fail as a matter of law. (Doc. 16.) The Court now considers that Motion.

---

[3] That is, Plaintiff does not allege any actual occurrences of steering, misrepresentation, or damages. (Id.)

2

**ANALYSIS**

I. <u>Motion to Dismiss Standard</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007)).[4] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Iqbal</u>, 129 S. Ct. at 1949 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

---

[4] <u>Iqbal</u> makes clear that <u>Twombly</u> has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. <u>Iqbal</u>, 129 S. Ct. at 1953 ("Though <u>Twombly</u> determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)). The standard in <u>Iqbal</u> is not new law and must be applied to Plaintiff's Amended Complaint as <u>Twombly</u> was decided well before this case was filed.

3

state a claim to relief that is plausible on its face." Id. For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., ___ F.3d ___, 2009 WL 2431463 (11th Cir. Aug. 11, 2009) (quoting Iqbal, 129 S. Ct. at 1949). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 2009 WL 2431463 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 2009 WL 2431463. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal,

4

2009 WL 2431463. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. Count One: Tortious Interference

Defendant contends that Plaintiff has failed to state a claim for tortious interference. (Doc. 16 at 5-13.) Specifically, Defendant contends that (1) the Amended Complaint lacks a factual basis requisite to support this claim, (2) Plaintiff's assertions are too remote to support this claim, and (3) Defendant is not a stranger to the business relationship between its insured and Plaintiff as required under Georgia law. (Id.) Plaintiff responds that (1) the factual allegations in the Amended Complaint are sufficient, (2) proximate causation is sufficiently alleged, and (3) Defendant is a stranger to the business relationship between Plaintiff and Defendant's insured due to O.C.G.A. § 33-34-6. (Doc. 18 at 11-12.)

In Georgia, regardless of what type of tortious interference claim is pled, there are common elements that

must be proven to entitle the Plaintiff to relief.[5] These elements include the requirement that the Defendant act "without privilege." Disaster Servs., Inc. v. ERC P'ship, 228 Ga. App. 739, 740, 492 S.E.2d 526, 528 (1997). To act "without privilege," the Defendant must be "a stranger to the business relationship giving rise to and underpinning the contract."[6] Benefit Support, Inc. v. Hall County, 281 Ga. App. 825, 830, 637 S.E.2d 763, 770 (2006). A party is a stranger to a transaction when that party has no "legitimate interest in either the contract or a party to the contract." Cox v. City of Atl., 266 Ga. App. 329, 332, 596 S.E.2d 785, 788. Moreover, "[o]ne is not a stranger to the contract simply because one is not a party to the contract." Atl. Mkt. Ctr. Mgmt., Co. v. McLane, 269 Ga. 604, 608, 503 S.E.2d 278, 282 (1998). As this precedent

---

[5] Count I of Plaintiff's Amended Complaint fails to name an actual cause of action in Georgia. That is, "tortious interference" could refer to three separate claims: tortious interference with contractual relations, tortious interference with business relations, or tortious interference with potential business relations. See Disaster Servs., Inc. v. ERC P'ship, 228 Ga. App. 739, 740, 492 S.E.2d 526, 528 (1997). However, Defendant does not contest the sufficiency of the Amended Complaint in this regard, and the Court will assume, arguendo, that Plaintiff is asserting all three claims. (See Doc. 16 at 6-13.)

[6] The stranger doctrine "is the same for tortious interference with a business relationship as for tortious interference with a contractual relationship." Benefit Support, Inc. v. Hall County, 281 Ga. App. 825, 830, 637 S.E.2d 763, 770 (2006).

6

suggests, the group of persons subject to suit for tortious interference as "strangers" is very limited. Id. at 283-84.

Here, the business relationship at issue is the relationship between Plaintiff and those insured by the Defendant.[7] That is, Plaintiff contends Defendant has interfered in its insured's choice of repair facility in situations where Defendant is obligated to pay the cost of the repair.[8] (Doc. 10 at 6.) Plaintiff cannot seriously contend that Defendant has no economic interest in this transaction or the parties to it—Defendant is financing the transaction. See, e.g., G&G TIC, LLC v. Ala. Controls, Inc., 2009 WL 1101390, at *2 (Apr. 24, 2009 11th Cir.)

---

[7] Plaintiff merely pleads that Defendant acted "without privilege." (Doc. 10 at 6.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (internal quotations omitted). Accordingly, this simple recitation of an element of tortious interference does not establish that Defendant was acting without privilege.

[8] Although Plaintiff's Amended Complaint is painfully vague and devoid of meaningful factual allegations, this is its most plausible reading. In this section of the Amended Complaint, Plaintiff never identifies its potential customers beyond asserting their general existence. (Doc. 10 ¶ 24.) However, in the class certification section of the Amended Complaint, Plaintiff claims that a common question of fact with respect to the class is "whether the Defendant improperly steered its policyholders." (Doc. 10 ¶ 9 (emphasis added)). Plaintiff's Brief on the Motion to Dismiss buttresses this conclusion as well. (Doc. 18 at 11 ("Plaintiff has alleged that, by steering insureds away from it . . . .")).

7

(unpublished) (holding that party who supplied equipment allowing third parties to complete a separate contract had a legitimate economic interest in the contract of the third parties), LaSonde v. Chase Mortgage Co., 259 Ga. App. 772, 577 S.E.2d 822 (2003) (holding that mortgage company had a direct economic interest in the contractual relationship between buyer and seller of home), Fed. Auto Body Works, Inc. v. Aetna Cas. & Sur. Co., 447 A.2d 377, 380 (R.I. 1982) (holding that automotive insurer had an economic interest in the relationship between its insured and a repair shop). As this precedent demonstrates, Defendant is not a stranger to this business relationship.[9] Therefore, Plaintiff cannot make out a cause of action and this Count is **DISMISSED**.[10] Lady Deborah's, Inc. v. VT Griffin Servs.,

---

[9] Plaintiff erroneously contends that the plain text of O.C.G.A. § 33-34-6 renders Defendant a stranger. Section 33-34-6 only prohibits an insurer from interfering in the choice of repair shop if "the person making the claim can obtain the repair work on the motor vehicle at the same cost from another source." Id. (emphasis added). Ironically, Plaintiff's own citation defeats its argument by providing an explicit example of Georgia law recognizing the interest of the insurer in the transaction between the insured and the repair shop.

[10] Additionally, even ignoring the failure to satisfy the stranger doctrine, the Amended Complaint contains insufficient factual matter to support a cause of action. That is, Plaintiff's Pleadings are nothing more than legal conclusions couched as factual allegations (Doc. 10 ¶¶ 24-26), which are not entitled to a presumption of truth. Iqbal, 129 S. Ct. at 1949-50. Plaintiff's unconnected statements alleging wrongdoing in the separate factual

Inc., 2007 WL 4468672, at *3-*4 (S.D. Ga. Oct. 26, 2007) (unpublished).

III. Count Two: Motor Vehicle Accident Reparations Act

Defendant contends that Plaintiff's Claim under the Motor Vehicle Accident Reparations Act ("MVARA") should be dismissed because (1) there is no private cause of action under the MVARA and (2) even were such a claim to exist, Plaintiff has failed to plead sufficient factual matter to establish such a claim. (Doc. 16 at 13-21.) Plaintiff responds that (1) there is a private cause of action under the MVARA and (2) that it pled sufficient facts to state a claim under the MVARA. (Doc. 18 at 3-7.)

There is no question that the Amended Complaint is factually insufficient on this count. Plaintiff's entire Amended Complaint is composed of three conclusions of law and one conclusory factual statement.[11] Plaintiff's first

---

allegations section are no better. (See Doc. 10 ¶¶ 21-23.) Accusing the Defendant of steering and misrepresentations without providing any supporting factual account does not "raise a reasonable expectation that discovery will reveal evidence" that steering or misrepresentations actually occurred. Watts, 495 F.3d at 1296. Moreover, steering and misrepresentations are labels for a type of conduct that must be deduced from supporting facts. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949. Accordingly, the Amended Complaint is also subject to dismissal for a lack of factual content.

[11] The conclusory statements contained in the separate factual allegations section of the Amended Complaint (Doc. 10 ¶¶ 21-23) are entitled to no deference under Iqbal, 129 S.Ct. 1937, and cannot remedy this claim. Moreover, even

9

paragraph is an unsupported statement of the legal history of the MVARA, claiming that the MVARA was enacted in 1981 to "prevent automobile insurance companies from forcing its policy holders to use specific body shops."[12] (Doc. 10 ¶ 27.) Plaintiff's second and third paragraphs are direct quotations from the MVARA. (Doc. 10 ¶¶ 28, 29.) Plaintiff's final paragraph states: "The Defendant has violated the Motor Vehicle Accident Reparations Act and

---

if these statements were accorded deference, Plaintiff has not made any attempt to show how these statements apply to the MVARA claim and, by not even incorporating these statements by reference, has filed a Pleading that is more inadequate than a traditional shotgun pleading. See Strategic Income Fund, LLC v. Spear, Leads & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has "had much to say about shotgun pleadings, none of which is favorable." Cook v. Randolph County, Ga., 573 F.3d 1143, 1151 (11th Cir. 2009). Moreover, where a party is represented by counsel and files a shotgun pleading, the "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, . . . never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002). Because Plaintiff has already amended the Complaint, has not filed for leave to amend the Amended Complaint, and the Amended Complaint remains inadequate, the Court declines to order sua sponte repleading.

[12] Worse than the fact that this statement is unsupported, is the fact that minimal research would have led Plaintiff's attorney to the conclusion that the statement is wholly erroneous. Flewellen v. Atlanta Cas. Co., 250 Ga. 709, 710, 300 S.E.2d 673, 675 (1983) ("Chapter 34 of the insurance title is the Georgia Motor Vehicle Accident Reparations Act, more commonly referred to as "no-fault" insurance. The clear legislative intent of this chapter is to require all motor vehicle owners to carry no-fault insurance and to mandate that certain losses will be cheaply and expeditiously repaid without respect to fault.")

10

this violation has caused damage to the Plaintiff and those similarly situated." (Doc. 16 ¶ 30.) "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. This claim exemplifies exactly such a pleading.[13] As such, this claim is **DISMISSED**.

IV. Count Three: Unjust Enrichment

Defendant asserts that Plaintiff has failed to state a claim for unjust enrichment because Plaintiff has not identified any benefit it conferred on Defendant. (Doc. 16 at 21.) Plaintiff responds that Defendant has enjoyed a benefit by improperly steering its insured from Plaintiff's repair shop. (Doc. 18 at 10.)

The Amended Complaint fails to plead a claim for unjust enrichment. In Georgia, "[u]njust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be

---

[13] Because the Amended Complaint plainly fails to plead minimally adequate facts, the Court does not consider the thornier state law question of whether there is a private cause of action under the MVARA. However, the Court notes that the original statute, which was repealed in 1991, did contain an explicit private cause of action for insured persons against insurance companies. See Ga. Farm Bureau Mut. Ins. Co. v. Martin, 264 Ga. 347, 350, 444 S.E.2d 739, 742 n.6 (1994). The fact that the legislature chose not to reenact the private cause of action is strong evidence that the provision was not intended to be enforceable by private parties.

charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."[14] Parks v. Thompson Builders, Inc., 296 Ga. App. 794, 706, 675 S.E.2d 583, 585 (2009). That is, "[f]or unjust enrichment to apply, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost." Morris v. Britt, 275 Ga. App. 293, 294, 620 S.E.2d 422, 424 (2005). Even with Plaintiff's conclusory allegation of steering, Plaintiff has not alleged that it "conferred a benefit" upon Defendant, much less that Plaintiff took some action with the expectation that Defendant would be responsible for the cost. Plaintiff simply alleges that Defendant engaged in a wrongful act and profited by it, and that that profit came partially at the expense of Plaintiff.[15] This is not the

---

[14] Plaintiff argues that the Supreme Court of Connecticut has allowed an unjust enrichment action for improper steering and contends that this Court should assume Georgia courts would do the same. (Doc. 18 at 10.) However, the Supreme Court of Connecticut did not hold that such an action could be maintained; rather it chose not to address the issue as it was improperly briefed. Artie's Auto Body, Inc. v. Hartford Fire Ins. Co., 287 Conn. 208, 217 n.10, 947 A.2d 320, 329 n.10 (2008). Accordingly, Artie's Auto Body is inapposite here.

[15] Plaintiff misunderstands the doctrine of unjust enrichment. Generally, "[t]he concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." Morris, 275 Ga. App. at 294, 620 S.E.2d

12

basis for a claim of unjust enrichment. Therefore, this count is **DISMISSED**.

V. Count Four: Injunctive Relief

Count Four of the Amended Complaint seeks injunctive relief for violations of the MVARA[16] and the Uniform Deceptive Trade Practices Act ("UDTPA"). (Doc. 10 ¶¶ 33-35.) Defendant contends that Plaintiff has not pled a claim under the UDTPA. (Docs. 16 & 24.) Plaintiff responds by attempting to plead a UDTPA claim in its Brief in Opposition to the Motion to Dismiss. (Doc. 18.) The UDTPA "claim," mentioned for the first, and only, time in this section, cannot form the basis for injunctive relief. The Pleading in this section reads

> 33. The aforementioned actions of the Defendant are in violation of public policy, laws of the State of Georgia including the Georgia Unfair Motor Vehicle Accident Reparations Act and the Uniform Deceptive Trade Practices Act, (O.C.G.A. § 10-1-370, 373 et seq).
>
> 34. These actions will continue unless the Court Orders [sic] such actions be enjoined.

---

at 424. Here, Plaintiff has transformed the doctrine of unjust enrichment into a judicial doctrine that would right any potential wrong regardless of circumstance—that is, Plaintiff's apparent understanding is that if any person unjustly acquires a thing of value in any way, that money can be disgorged from them by any person able to claim an entitlement to it for any reason.

[16] As the Court has already dismissed the MVARA claim, it cannot support a request for injunctive relief. See supra Part III. Accordingly, the Court does not consider the MVARA claim here.

> 35. Accordingly, Plaintiff and those similarly situated seek an Order from this Court that all actions of the Defendant in violation of Georgia Law and Common Laws of the State of Georgia and [sic] be temporarily and permanently enjoined.

(Doc. 10 ¶¶ 33, 34, 35.) Plaintiff's claim, which is nothing more than a citation to the UDTPA, is clearly inadequate. The claim fails to even state the elements of a claim under the UDTPA, including which code section Defendant may have violated, much less state factual allegations that support these elements.[17] Therefore, the Amended Complaint does not provide Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Accordingly, this Count is **DISMISSED**.

VI. Count Five: Bad Faith

The final count of the Amended Complaint is for bad faith, and seeks attorney's fees based on the substantive conduct of the other counts under O.C.G.A. § 13-6-11. (Doc. 10 ¶ 36.) "O.C.G.A. § 13-6-11 does not create an

---

[17] In its Brief Opposing the Motion to Dismiss, Plaintiff alleges that Defendant violated O.C.G.A. §§ 10-1-372(a)(2), (3), (5), (8) & (12) and claims to have proof of these violations. (Doc. 18 at 8-9.) This statement comes too late. The Court cannot consider allegations raised for the first time in a response to a motion to dismiss. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009). Instead, the Court's review is limited to the "four corners of the complaint," which contain no such allegations. Id.

14

independent cause of action [but] merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of damages." Gardner v. Kinney, 230 Ga. App. 771, 772, 498 S.E.2d 312, 313 (1998). Thus, as the rest of the Amended Complaint has been dismissed, this count must also be **DISMISSED**.

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The **Clerk of Court** is **DIRECTED** to **close this case**. Any pending motions in this case are **DISMISSED AS MOOT**.

SO ORDERED this 14th day of September, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA